[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S POST JUDGMENT NOTION FOR CONTEMPT (DOCKET ENTRY NO. 132.00)
The defendant has filed a post judgment motion for contempt alleging that the plaintiff failed to pay over to the defendant $18,100 of his IRA valued at $36,200 on the date of the judgment of dissolution until August 27, 1997, a period of more than three years following the date of judgment, indeed less than two months shy of four years following the date of judgment. The motion further alleges that the defendant did not receive any accrued interest on the IRA for the period from October 19, 1993 to August 27, 1997.
The court finds all of these allegations to be true. It is the defendant's claim that $5,066.33 originally paid over by the bank to the defendant and thereafter reversed and paid back to the plaintiff was the amount of interest earned on the IRA account. The plaintiff denies this assertion and claims that the bank improperly paid over sixty percent (60%) of the IRA account to the defendant whereas the court ordered fifty percent (50%).
At the time of the judgment of dissolution, plaintiff's affidavit listed two IRA accounts: one for $3,000 with Massachusetts Mutual and one for $33,200 with People's Bank. Judge Driscoll's order was that these accounts were to be divided equally. Plaintiff's testimony was that the People's IRA in 1997 consisted of three or four different IRA accounts and that the $18,100 paid over into the defendant's IRA was the half as ordered by Judge Driscoll. When asked why he delayed transferring the IRA monies, the plaintiff responded that he was waiting to receive his half of his coin collection which he later testified he purchased from his uncle for $3,000 and certain family photos from the division of the tangible personal property. CT Page 7886
It has been said by our Appellate Court:
. . . It is axiomatic that a trial court considering a domestic relations case acts as a court of equity that is empowered to fashion appropriate relief under its broad equitable powers. [Citations omitted.] . . . There is no statutory prohibition against awarding interest on a judgment in domestic relations cases."
DeMatteo v. DeMatteo, 21 Conn. App. 582, 592, 593 (1990).
It has been further stated that the question of whether or not interest is a proper element of recovery ordinarily rests upon whether the retention of money is or is not wrongful. CacioBros. Inc. v. Feldman, 161 Conn. 265, 275; LaBow v. LaBow,13 Conn. App. 330 (1988); Marcus v. Marcus, 175 Conn. 138, 146
(1978).
The court finds in this case that the plaintiff had no justification in withholding the division of his IRA accounts. The defendant is entitled to interest on that wrongful detention. Section 37-1 of the General Statutes establishes 8% as the legal rate of interest. However, the court wishes the award of interest in this case to be no greater than the amount of interest that might have been earned by an IRA account had it been in the defendant's account in People's Bank for the period October 19, 1993 to August 27, 1997. There has been no evidence of such rate of interest.
This matter is set down for further proceedings on defendant's post judgment motion for contempt, docket entry no. 132.00. All other issues raised by the defendant's motion may also be heard. Should the parties choose to stipulate to any of the facts necessary for the court's further ruling in this matter, they may do so.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 7887